● ORIGINAL ●

FILED
HARRISBURG
AUG 2 2 2001
MARY E. D'ANDREA, CLER
Per_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELISA E. KREIGER,                  :

     Plaintiff                     :

     v.                            :          NO. 1:CV-00-2094

                                   :

PA. OFFICE OF ATTORNEY GENERAL,    :          (M.J. SMYSER) ✓

                                   :

     Defendant                     :

### DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Defendant Pennsylvania Office of Attorney General moves pursuant to Fed.R.Civ.P. 26 for an order protecting it from being required to respond to plaintiff's interrogatories and requests for production of documents pending this Court's ruling on Defendant's Motion to Dismiss. In support of this motion, defendant avers the following:

1.    This action was filed by Elisa Kreiger, a former employee of the Pennsylvania Office of Attorney General, who was terminated from her position in 1997.

2.    The complaint alleges that defendant violated the Americans with Disabilities Act and the Family Medical Leave Act.

3.    Defendant filed a motion to dismiss, asserting that recent authority from the United States Supreme Court and the Third Circuit Court of Appeals rendered her claims meritless because of the Eleventh Amendment to the United States Constitution.

4.    The plaintiff agreed that her claim under the Family Medical Leave Act could no longer be pursued but opposed the motion with respect to the American with Disabilities Act and suggests that injunctive relief is available against the defendant.

5.    The matter has been briefed and is pending before this Court.

6.    In the meantime, the parties have engaged in discovery. Defendant served interrogatories and requests for production of documents on plaintiff who has responded. Plaintiff served extensive interrogatories and requests for production on defendants (attached as **Exhibits 1 and 2**) and, because of the scope of those discovery requests, defendants seek a protective order from this Court staying a response to plaintiff's discovery until thirty (30) days after this Court rules on the motion to dismiss if the motion is denied.

7.    Defendant understands that ordinarily in this Court discovery is expected to be ongoing while motions brought under Rule 12 are considered, but in this case, due to the uncomplicated nature of defendant's motion and plaintiff's response and in order to reserve the parties' resources, defendant seeks this relief.

8.    Counsel for plaintiff has concurred in this motion.

**WHEREFORE**, for the reasons stated above, defendant respectfully requests that its responses to plaintiff's interrogatories and requests for production of documents not be required until thirty (30) days after the Court rules on defendant's motion to dismiss, if any response is necessary.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

BY: _____

**DANIEL J. DOYLE**
**Senior Deputy Attorney General**
**I.D. No. 54855**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA  17120**
**(717) 787-2944**

**DATED:  August 22, 2001**

## <u>CERTIFICATE OF CONCURRENCE</u>

On August 16, 2001, counsel for defendant sent a letter to counsel for plaintiff outlining this motion, and counsel for plaintiff left a voicemail with counsel for defendant stating that he concurred.

**DANIEL J. DOYLE**
**Senior Deputy Attorney General**

**EXHIBIT 1**

RECEIVED
Office of Attorney General

AUG 1 0 2001

Litigation Section

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELISA E. KREIGER, | : | CIVIL ACTION - LAW |
| | : | |
| **PLAINTIFF,** | : | |
| | : | |
| v. | : | NO. 1:CV-00-2094 |
| | : | |
| PENNSYLVANIA OFFICE OF | : | |
| ATTORNEY GENERAL | : | |
| | : | |
| **DEFENDANT.** | : | |

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

To:    PA Office of Attorney General

c/o    Daniel J. Doyle
       Senior Deputy Attorney General
       Office of Attorney General
       Litigation Section
       15th Fl., Strawberry Square
       Harrisburg, PA 17120

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff propounds the following interrogatories to Defendant Pennsylvania Office of Attorney General, to be answered fully and completely within 30 days in accordance with that rule. Each of the following interrogatories and requests for production is continuing in nature. If at any time prior to the conclusion of the trial, Defendant, their affiliates, or their agents or attorneys, acquire supplemental or additional information relating to any of the subjects addressed herein, Defendants are requested to supplement their answers to these interrogatories to reflect such information and are also requested to produce any documents reflecting such additional information.

When these interrogatories ask you to identify a document, please state its date, author, type of document (e.g., letter, memorandum, note, etc.), recipient and number of pages. If the above information is not available, please give sufficient other information to enable Plaintiff to ascertain its location. If any such document was, but is no longer, in either Defendants' possession or control, explain what has happened to it and where it or any copies of it may be located.

When these interrogatories ask you to identify an individual, please state his or her name, last known home address and telephone number and date of hire (if an employee) in addition to any other information requested.

As used herein, "PAG" refers to the Pennsylvania Office of Attorney General, any predecessor or successor corporations or business entities, all divisions and corporate subdivisions, any parent or subsidiary corporations of the PAG, and any corporation or entity of which the PAG is a division or corporate subdivision.

Except where stated otherwise, the relevant time period for each of these interrogatories is November 1989 to date.

    1.      Identify the person answering these interrogatories.

ANSWER:

    2.      Please provide a list of all administrative staff employees including but not limited to management and staff employed by the PAG for the period of November 1989 to present, and specify the following information for each: date of hire; any known disability; salary as of November 1989; and date and description of any change in pay, grade or level since November 1989 .

ANSWER:

2

3.    Please provide a list of all employees in any department at the PAG who were disciplined, terminated or denied promotions from 1989 to present.  For any employees disciplined, terminated or denied promotions from 1989 to present, also identify the name, last known address, age, and title/position of each person who supervised the individuals named above in this Interrogatory; the reason given for the termination or denial of each and every individual named in this Interrogatory identifying the specific reason with the individual terminated for that reason; whether any of the terminated individuals named in response to this Interrogatory was given any oral or written warnings prior to the date on which that person was terminated, the substance of such oral or written warning, and the identity of any persons present when such warning was given.


ANSWER:

4.    Has the Plaintiff been given any performance evaluations, either written or oral, since the date of his hire? If so, please describe each such evaluation, specifying the date of each type (written or oral), the persons who were present at or involved in each, and the general result of each such evaluation.

ANSWER:

5.      Have the employees listed in response to Interrogatory No. 3 been given any performance evaluations since November 1989 ? If so, for each person, please list the date of each evaluation and produce each such evaluation for inspection.

ANSWER:

6.    With respect to the Plaintiff and to each employee listed in response to Interrogatory No. 3 who were disciplined or terminated, describe in detail the circumstances surrounding their denial, including any test scores applicable to the position for which each applied.

ANSWER:

7.    Please identify the dates of the Plaintiff's employment with Defendant, providing his date of hire; any break in service (when he was not employed with Defendant), promotions received during his employment; beginning annual compensation and his annual salary for each year he was employed with Defendant, and any raises, bonuses, and salary increases received from Defendant while employed by Defendant and the date on which each and every raise, bonus, or increase was received.

ANSWER:

8.     Has Plaintiff's work performance while working for Defendants ever been unsatisfactory for any reason? If the answer to this question is yes, please state in what regard his performance was unsatisfactory, including but not limited to any and all disciplinary actions taken against her; the dates or periods during which his performance was allegedly unsatisfactory; whether there is any documentation supporting your claim of unsatisfactory performance; all persons having knowledge of said allegedly unsatisfactory performance; whether any complaints were registered by anyone concerning such alleged unsatisfactory performance and if so, identify the person making the complaint, the date of the complaint, to whom it was made and whether it was written; and whether Plaintiff was warned or counseled concerning such alleged unsatisfactory performance and if so, identify the date and form (i.e., verbal or written warning, etc.) of such warning or counseling and the person(s) who participated in such warning or counseling; and what recommendations were made to improve Plaintiff's performance, and if so, who made the recommendation, the date of the recommendation, and any follow-up afterwards.

ANSWER:

9.     Do the Defendants, including owners, officers, agents, (supervisory and non-supervisory positions) or employees of the PAG have in their possession or control, or have knowledge of, any document(s) on which are recorded any disability, handicap or physical limitation of any employee or former employee, including Plaintiff? If the answer to this question is yes, please list and identify each and every such document and produce same for inspection.

ANSWER:

10.     Describe in detail the circumstances surrounding the Plaintiff's termination, including all meetings held, all participants, and the nature of any conversations held leading to these denials.

ANSWER:

11.      Identify the date of, and participants in, any meetings, conversations, or discussions, however informal, at which the salary, performance, evaluation, possible promotion, lay off, discipline, or termination of the Plaintiff was discussed by officers, managers, attorneys, supervisors or employees of the PAG and describe in detail what was said and by whom.

ANSWER:

12.     Has a claim of disability discrimination ever been filed (before any state or federal agency) with respect to the PAG's salary/compensation, promotion, lay off, discipline or termination policies? If the answer to this question is yes, please state when and by whom such charges were made, the nature of each charge, whether it has been resolved and if so how, and produce copies of each such charge.

ANSWER:

13.    State with particularity all facts on which Defendant relies in asserting their defenses to the Complaint.

ANSWER:

14.     Do the defendants have any knowledge of disability discrimination by the defendants? If the answer to this question is yes, please state with particularity the nature of such knowledge including such information as dates, persons involved, and the means by which such knowledge was obtained.

ANSWER:

15.     Identify each person Defendants plan to call as a witness at trial. What do you expect each person's testimony to be?

ANSWER:

16.      Did the PAG have any employment policies between 1989 and the present specifically prohibiting disability discrimination or which provide a mechanism for complaining about incidents of disability discrimination by company officers, supervisors or employees? If the answer to this interrogatory is in the affirmative, please identify the policy by name and number and date of adoption and provide Plaintiff a copy. If your answer to this Interrogatory is in the negative, please explain why the PAG did not or does not have a policy prohibiting disability discrimination.

ANSWER:



17.     Does Defendant have a personnel policy manual or related documents describing the policies, procedures, benefits, or the basic employment relationship between the PAG and its employees? If so, please state the title of the manual(s) or document(s); the date each document was distributed to your employees; a complete description of the contents of each manual; the name and section of the department or operational unit responsible for maintaining and updating the manual; the names and positions of the persons to whom the manual(s) were distributed; and please attach copies of these manuals and any other documents related to your answer to this Interrogatory.

ANSWER:



18.    Please state if Defendant is covered by any policies of insurance for liability to the plaintiff arising out of this lawsuit. If so, please state as to each policy: the name of the insurance carrier; the number of the policy; the dates of coverage under the policy; the limits of liability coverage of the policy.

ANSWER:

19.    If you asserted as an objection to any of these Interrogatories that the information sought is privileged, please state the exact privilege that you believe is involved, identifying each such privilege with the specific Interrogatory Number that seeks such privileged information; whether each privilege asserted is based on a statute, construction or interpretation of a statute, case law, or a secondary source; if a privilege is based in any way on a statute, please give the citation to each statute, identifying each statute with the privilege asserted; and if the privilege is based on case law, please give the citations to all cases that support the privilege, identifying each case with the privilege asserted.

ANSWER:

These Interrogatories shall be deemed continuing and supplemental answers shall be required if Defendant or anyone acting on its behalf, directly or indirectly, should obtain further information after the submission of answers that would tend to change or modify, wholly or in any part, any answer previously given.

Respectfully submitted,

Anser Ahmad, Esq.
PA ID# 75008
**AHMAD & MIRIN**
8150 Derry Street
Harrisburg, PA 17110
(717) 909-4343

Dated: 8/7/01

## CERTIFICATE OF SERVICE

I, Anser Ahmad, hereby certify that I am on this day serving a copy of the foregoing

Plaintiff's First Set of Interrogatories upon the person(s) and in the manner indicated below,

service by facsimile and First-Class Mail, Postage Prepaid, and Addressed as follows:

Daniel J. Doyle
Senior Deputy Attorney General
Office of Attorney General
Litigation Section
15th Fl., Strawberry Square
Harrisburg, PA 17120

Anser Ahmad, Esq.
PA ID#75008
**AHMAD & MIRIN**
8150 Derry Street
Harrisburg, PA 17110
(717) 909-4343

DATED: ___8- 7 - 01___

**EXHIBIT 2**

RECEIVED
Office of Attorney General

AUG 1 0 2001

Litigation Section

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELISA E. KREIGER, | : | CIVIL ACTION - LAW |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | NO. 1:CV-00-2094 |
| | : | |
| PENNSYLVANIA OFFICE OF | : | |
| ATTORNEY GENERAL | : | |
| | : | |
| DEFENDANT. | : | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants are requested to produce and permit Plaintiff to inspect and copy the following described documents within 30 days hereof at the offices of Plaintiff's Counsel.

As used herein, "document" shall mean any written, recorded, graphic or other matter whether produced, reproduced or stored on paper, cards, tapes, disks, belts, charts, films, computer storage devices or other media and shall include but not be limited to material in the form of books, reports, studies, statements, speeches, notebooks, applications, agreements, appointment calendars, working papers, graphs, manuals, brochures, contracts, memoranda, notes, records, correspondence, diaries, bookkeeping entries, and unpublished material, and shall also include, but not be limited to, originals, copies (with or without notes or changes thereon) and drafts.

Except where stated otherwise, the relevant time period for each of these requests for production is November 1989 to date.

As used herein, "PAG" or "Defendant" shall have the same meaning as defined in Plaintiff's First Set of Interrogatories.

**THE DOCUMENTS REQUESTED TO BE PRODUCED ARE AS FOLLOWS:**

1.    Any and all documents referred to, consulted in connection with, or containing information relating to, the answers to Plaintiff's Interrogatories, and any documents requested to be attached thereto.

2.    Plaintiff's personnel file(s), including but not limited to any files relating to his employment which were or are kept by, or were or are in the possession of, any employee of the PAG.

3.    The personnel files of all other employees employed by the PAG in positions similar or comparable to Plaintiff's from November 1989 to date, including but not limited to, any files relating to employment (including but not limited to attendance and tardiness records) which were or are kept by, or were or are in the possession of, any employee of the PAG.

4.    Any annual performance appraisals (or other documents evaluating, describing or referring to employee performance) for any of the persons covered by requests 1-4 for the years since Plaintiff was hired by PAG.

5.    Any job descriptions for the positions held by anyone covered by requests 1-4 from November 1989 to date.

6.    Any documents which reflect, refer to or discuss the PAG and its officers, managers, supervisors and/or agents' decisions to refuse to promote the plaintiff.  Include all documents which reflect correspondences, memos, notes, etc., concerning any of the plaintiff's denials of promotion, any reprimands or performance suggestions.

7.     Any documents in the possession of PAG, its officers, managers, employees, agents, accountants or attorneys, past or present, which show by written language or photograph or otherwise refer to the race/color/national origin of any present or former employees of PAG.

8.     Any documents which reflect, refer to, or discuss any charges, claims or allegations of disability discrimination against PAG, its officers, managers, agents, employees made to the EEOC or the PHRC, any other government agency, to PAG, or any employee or manager of PAG specifically including any personnel department employees.

9.     Any and all documents which reflect, refer to or discuss any information submitted to any person or entity referred to in question 9 above regarding Plaintiff's charges of disability discrimination, or any other charges of disability discrimination against the defendant.

10.     All documents which reflect, refer to or discuss the procedure by which salary increases, promotions, terminations, or lay offs for employees were or are determined or the criteria used in making such determinations from 1989 to date.

11.     Any policy manuals or employee handbooks issued or used by PAG from 1989 to date.

12.     All documents or exhibits intended for use by Defendant at trial.

13.    All documents which reflect, refer to or discuss the allegations of Plaintiff's Complaint or Defendant's defenses thereto.

Respectfully submitted,

Anser Ahmad, Esq.
PA ID# 75008
**AHMAD & MIRIN**
8150 Derry Street
Harrisburg, PA 17111
(717) 909-4343

Dated: 8/7/01

## CERTIFICATE OF SERVICE

I, Anser Ahmad, hereby certify that I am on this day serving a copy of the foregoing Plaintiff's First Request for Production of Documents upon the person(s) and in the manner indicated below, service by facsimile and First-Class Mail, Postage Prepaid, and Addressed as follows:

Daniel J. Doyle
Senior Deputy Attorney General
Office of Attorney General
Litigation Section
15th Fl., Strawberry Square
Harrisburg, PA 17120

Anser Ahmad, Esq.
PA ID#75008
**AHMAD & MIRIN**
8150 Derry Street
Harrisburg, PA 17110
(717) 909-4343

DATED: 8/7/01

## CERTIFICATE OF SERVICE

I, **DANIEL J. DOYLE**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on August 22, 2001, I caused to be served a copy of the foregoing document entitled **Defendant's Motion for a Protective order,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania, upon the following:

**Anser Ahmad, Esquire**
**AHMAD and MIRIN**
**3150 Derry Street, Suite A**
**Harrisburg, PA  17111-5260**

**DANIEL J. DOYLE**
**Senior Deputy Attorney General**
**I.D. No. 54855**